**Owen SCHNELL, Appellant,**

v.

**JOE BLAND CONSTRUCTION COMPANY, Appellee.**

No. 10742.

Court of Civil Appeals of Texas.

Austin.

March 9, 1960.

Byrd & Davis, Austin, for appellant.

Powell, Rauhut, McGinnis, Reavley & Lochridge, Frank Douglass, Austin, for appellee.

ARCHER, Chief Justice.

Appellant sued appellee for damages to his residence alleging that appellee caused the unlawful diversion of surface water by filling dirt on top of a pipeline laid by appellee in the west ditch of Brodie Lane to such an extent as to completely obliterate the west ditch for at least 100 yards north and south of plaintiff's residence, changing the condition of the terrain and the diverted surface water from its previous natural course and thereby caused property damage to plaintiff as alleged.

The case was tried with the aid of a jury. It was submitted on five issues, the first was:

"Do you find from a preponderance of the evidence that the defendant construction company dumped rocks and dirt fill in the west ditch of Brodie Lane after the pipeline was laid?

"Answer this special issue 'Yes' or 'No.'

"Answer No."

The other four issues were submitted, conditioned on an affirmative answer to No. 1. The jury having answered Special Issue No. 1 in the negative, no answers were made to the other issues.

The appeal is based on one point of error and is as follows:

"The trial court erred in refusing to grant appellant a new trial because the answer of the jury to special issue No. 1 is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong."

Appellee laid a pipeline in Brodie Lane for a Water District.

As to be observed the only complaint is the failure of the court to grant a new trial because the answer of the jury is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. We shall briefly review all of the evidence. The statement of facts contains 398 pages with 38 exhibits, seven witnesses testified for plaintiff and eight for defendant, all of said testimony was heard by the jury.

The evidence offered by appellant insofar as the issue of dumping rocks and dirt fill in the west ditch of Brodie Lane was by Mr. Schnell who said that after the pipeline was laid the west ditch was filled completely to the top with dirt and rocks. Mrs. Barnett, who lived in the neighborhood, testified that the west ditch was filled with dirt and rocks and remained that way for some time. Curtis Barnett gave similar testimony. Mr. Chase testified that on two occasions he went to Brodie Lane during the heavy rain just to find out where the water was coming from and that the west ditch was full of rocks and dirt.

Mr. Avery called by appellee testified concerning the preparation for the laying of the pipeline and that the dirt was piled to the east of the west ditch and that a frontend loader was used to scoop and shove the excavated piles of rock and dirt over the west ditch and into the pipeline trench.

Ernest Smith, a witness for appellee, testified that the trench dug for the pipeline was four feet deep and two feet wide and when backfilling, the rocks and dirt were pushed across the west ditch in order to get to the pipeline trench.

Other witnesses for appellee testified that generally the operation would proceed in the ditch and level an area for the backhoe machine, which did the digging and the dirt and rocks dug up would be dumped to the east side of the trench and that immediately after laying the pipe it would be covered and then a frontend loader would push all of the excavated dirt and rocks out of the drainage ditch into the pipeline trench; some rock would be pushed further west next to the fence and out of the ditch and nothing was left in the road ditch and that it was not only cleaned out but dug deeper.

We bear in mind that there are two ditches, one the road ditch, the other the pipe or water ditch, or trench into which the pipeline was laid.

The issue submitted inquired if rocks and dirt fill were dumped in the west ditch of Brodie Lane after the pipeline was laid.

■ No objection was made to the charge or any portion of it, nor were any

special issues requested which were not submitted by the court. Any other issues are now considered as waived.

Rule 279, Texas Rules of Civil Procedure; 41–B Tex.Jur. 550; Texas Prudential Insurance Co. v. Dillard, Tex., 307 S.W.2d 242.

■ We believe the verdict of the jury finds reasonable support in the record. The evidence was in conflict, and we have considered all of the evidence, both that which supports the verdict and that which militates against it, and we would be reluctant to disturb the findings of the jury.

Rules 451, 453, 455, T.R.C.P.; City of Houston v. Howe & Wise, Tex.Civ.App., 323 S.W.2d 134, er. ref. N.R.E.

The judgment of the Trial Court is affirmed.

Affirmed.